United States v. Schlisser

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand and nineteen.

Present:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

United States of America,

> *Appellee*,

v.                                                                     18-72-cr

Michael Schlisser, AKA Mickey Schlisser

> *Defendant-Appellant.*

---

| | |
|---|---|
| *For Appellee*: | ELIZABETH A. HANFT (Anna M. Skotko, *on the brief*), Assistant United States Attorney, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |
| *For Defendant-Appellant*: | STEVEN YUROWITZ, Newman & Greenberg LLP, New York, NY. |

Appeal from a December 21, 2017 judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Michael Schlisser appeals from a judgment dated December 21, 2017, convicting him, following a guilty plea, of one count of wire fraud in violation of 18 U.S.C. §§ 1343 and 2. The district court calculated the sentencing guidelines range to be 31 to 37 months' imprisonment but sentenced Schlisser principally to 84 months' imprisonment pursuant to an upward variance "in light of the similarity between this and his prior fraud offense, and the fact that it was so close to when he got off of supervised release, regardless of whether it was actually committed while he was on supervised release." App'x. 61–62. On appeal, Schlisser challenges the validity of his guilty plea and argues his sentence is both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

### A. The Validity of Schlisser's Guilty Plea

Schlisser argues that his guilty plea is invalid for two reasons. The district court impermissibly restricted his ability to communicate with his attorneys when it instructed Schlisser not to look at defense counsel after the court had asked him to describe what his intent was when he solicited investments from his victims, and there was an insufficient factual basis for his plea. We are not persuaded.

2

We review for plain error an unobjected-to error in a trial court's guilty plea proceeding. *United States v. Vonn*, 535 U.S. 55, 58 (2002). Plain error review requires a defendant to show that: "(1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012).

Before accepting a guilty plea, Fed. R. Crim. P. 11 requires a district court to assess whether a defendant understands the consequences of pleading guilty and the rights he would give up by doing so and to determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(1)-(3); *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997) (explaining that Rule 11 only requires that the court confirm "that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty"). The Sixth Amendment provides for a defendant to be represented by counsel at all critical stages of a criminal case, including the entry of a guilty plea. *Iowa v. Tovar*, 541 U.S. 77, 80 (2004) (internal citations omitted). Generally, a defendant must be able to communicate with counsel in order to have that counsel's effective assistance. *United States v. Triumph Capital Grp., Inc.*, 487 F.3d 124, 129 (2d Cir. 2007).

Schlisser had the benefit of his attorneys' effective representation both prior to and during the entry of his guilty plea. Schlisser testified that he had discussed with counsel the consequences of pleading guilty prior to the plea proceeding. The district court explicitly advised Schlisser of his right to counsel during the proceeding, and

3

Schlisser exercised that right by consulting his counsel on how to answer the district court's question about his expenses. At no point did Schlisser make a request to speak with counsel that the court denied.

Schlisser hinges his argument that he was denied access to counsel on the following exchange during the Rule 11 proceeding:

> THE COURT: When you were soliciting people to invest in your investments, did you know when you were soliciting money that you intended to use some of the proceeds for your personal use for tuition, for car payments, for house payments, for living expenses.
>
> Don't look at him. You know whether that was what was in your head or not. You are pleading guilty. Now is the time to come clean. There is no reason to play games.
>
> THE DEFENDANT: Your honor, I am not playing games . . . The answer is yes. Yes, I knew when the money was coming in.
>
> THE COURT: When you were soliciting money you knew notwithstanding the fact that you were promising these people not to use it for your personal use that you were in fact going to use it for your personal use?
>
> THE DEFENDANT: Yes, I was. Yes I did, your honor.

App'x. 43. At that point Schlisser never asked to confer with counsel. Just before this exchange, Judge Caproni explained that Schlisser could confer with his attorneys whenever he wished. Moreover, it is quite clear that at that moment the district court was seeking to have Schlisser describe with his own words, not those of his attorneys, his intent behind his actions. The district court's instruction was not in error given that only Schlisser could know and articulate what his intent was when he solicited the investments from his victims.

Schlisser also argues that his guilty plea was involuntary because the district court coerced him into admitting that he possessed an intent to defraud. But where,

4

as here, "a defendant, before sentencing, learns of" a Rule 11 violation "but fails to attempt to withdraw his plea based on that violation, there can be no reasonable probability that, but for the [Rule 11 violation], he would not have entered the plea, and the plain error standard is not met." *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005) (considering a Rule 11 omission). Schlisser's assertion that there was an insufficient factual basis for his plea because he lacked an intent to defraud is also without merit. As already noted, he admitted that he was going to use, for personal expenses, the money he solicited even though he had promised not to, thus establishing a sufficient factual basis to infer an intent to defraud. *See United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997).

On the record before us, the district court did not commit error, let alone plain error, when accepting Schlisser's guilty plea.

**B. The Reasonableness of Schlisser's Sentence**

Schlisser's assertion that his sentence is procedurally and substantively unreasonable is also unpersuasive. We will find procedural error when a district court "rests its sentence on a clearly erroneous finding of fact" or if it "fails to adequately explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 180 (2d Cir. 2008) (*en banc*). A district court's sentence will be set aside as substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189 (internal quotation marks omitted).

A district court commits procedural error when it: (1) fails to calculate the guidelines range; (2) makes a mistake in its guidelines calculation; (3) treats the guidelines as mandatory; (4) does not consider the § 3553(a) factors; or (5) bases its sentence on a clearly erroneous finding of fact. *Id.* at 190. If, upon review, we determine the court did not make a procedural error in imposing the sentence, then we consider the substantive reasonableness of the sentence. *Id.* at 189. In doing so, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion." *Id.* at 190.

With respect to the procedural reasonableness of his sentence, Schlisser argues that the district court improperly applied an enhancement for causing a substantial financial hardship to his victims, an enhancement that would have added two offense levels if the offense had resulted in such harm. The court did not apply that enhancement here. Prior to sentencing, it ordered the parties to discuss whether Section 2B1.1(b)(2) of the guidelines applied. After considering the parties' views, the court concluded the enhancement would not apply.

Schlisser contends that the district court did in fact apply the enhancement later on in the sentencing hearing because after it heard from one of the victims, it stated "[h]ow is that not substantial financial harm?" The record, however, belies this assertion. The district court never adjusted its guidelines calculation after initially concluding the range was 30 to 37 months' imprisonment. There was no procedural error.

As to the substantive reasonableness of his sentence, Schlisser asserts that: (1) his sentence of 84 months—more than twice the amount of the high end of the applicable guidelines range—far exceeded the guidelines range applicable to his conduct, and (2) the district court improperly considered civil default judgments against him and failed to accord adequate weight to his heart condition. In light of the financial hardship Schlisser caused his victims, the fact that he committed the present offense either while on or immediately after completing supervised release for a similar crime, and that the 60-month sentence Schlisser served for his prior crime apparently did not deter him from committing the present offense, the sentence imposed by the district court is not substantively unreasonable. Nor did the district court err, as he asserts, by giving consideration to his prior civil judgments and not considering his health problems. "The sentencing court . . . must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed," *Wasman v. United States,* 468 U.S. 559, 563 (1984), and the district court explicitly considered Schlisser's medical condition, App'x 81–82.

The district court's judgment is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7